# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 20, 2011 Session

## STATE OF TENNESSEE v. KEVIN ANTHONY DICKSON, JR.

**Direct Appeal from the Circuit Court for Sevier County**
**No. 13010-II     Richard R. Vance, Judge**

_____

**No. E2010-01781-CCA-R3-CD - Filed June 14, 2012**

_____

JOHN EVERETT WILLIAMS, J., concurring in part and dissenting in part.

After careful review of the record and relevant law, I am unable to agree with my colleagues' determination that the evidence is insufficient to support the conviction for the attempted first degree murder of Rodney Hardin. Accordingly, I must respectfully dissent on this issue. I concur with the majority's conclusions otherwise.

I agree with the majority's determination that the evidence presented to the jury amply supported the conclusion that the Defendant himself had formed premeditation in this case based upon his preparation and actions prior to the event. I further agree that the outcome of this issue is not resolved by that determination, as the conviction was based upon criminal responsibility. As stated by the majority, in order to uphold the instant conviction, it must have been established that the evidence presented would allow a rational juror to conclude that Mr. Ramirez acted with premeditation when he shot Mr. Hardin.

My disagreement arises with the conclusion that sufficient evidence exists to support a finding of premeditation with regard to Mr. Lyons but not with regard to Mr. Hardin. The only difference I can discern in the majority's basis is that Mr. Lyons was fleeing. While I acknowledge that fleeing can allow an inference of premeditation, I cannot conclude, on these facts, that premeditation can be formed simply because a person was fleeing an attack. It is apparently not disputed that all these events occurred in a matter of seconds. The majority notes that "the record reflects that Mr. Ramirez singled out a fleeing victim before firing his second shot." In my view, the record also reflects that Mr. Ramirez singled out his first victim, Mr. Hardin, who was forcibly trying to prohibit the unlawful entry into the home. The defendant entered the home first and was seen by Mr. Ramirez to be struggling with Mr. Hardin. From my reading, a rational juror could have inferred that Mr. Ramirez formed the intent to shoot and kill Mr. Hardin in furtherance of their plan to seek retribution against Mr.

Lyons.

Additionally, I believe that the jury was free to infer that premeditation could have existed in Mr. Ramirez's mind prior to their arrival at the home. While the record establishes that the initial dispute with Mr. Lyons in this case was the defendant's, the record also indicates that he sought out people to help him handle that dispute. He did not seek out the police or a law-abiding citizen to negotiate a resolution to his problem; rather, he sought out Mr. Ramirez and Mr. Davis. There was evidence, in fact, that it was Mr. Ramirez and Mr. Davis who suggested arming themselves before proceeding to the home. On that suggestion, the defendant obtained a weapon and placed it into the hands of Mr. Ramirez. The jury heard the defendant's testimony that there was no discussion of "a plan" to kill the victims in the home and that they were only armed to protect themselves. However, the jury was free to discount this statement. Moreover, the jury could have also inferred premeditation from the defendant's statement that "they would all be dead." Despite the majority's statement to the contrary, I believe this statement could establish the defendant's state of mind both prior to and at the time of the shootings. A reasonable jury could agree and rationally infer that the defendant shared that state of mind with the people that he recruited to aid him in the execution of his plan.

Based upon these conclusions, I would affirm both convictions for attempted first degree murder.

_____
JOHN EVERETT WILLIAMS, JUDGE